IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| RIFLE HOLDINGS, LLC and RIFLE, INC. d/b/a RIFLE PAPER CO., | Civil Action No.: _____ |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| GETTY IMAGES (US), INC., and ISTOCKPHOTO LP, a subsidiary of Getty Images (US), Inc., | **INJUNCTIVE RELIEF REQUESTED** |
| Defendants. | |

Rifle Holdings, LLC ("Rifle Holdings") and Rifle, Inc. d/b/a Rifle Paper Co. ("Rifle")

(together, "Plaintiffs"), sue Defendants, iStockphoto LP ("iStock") and Getty Images (US), Inc.

("Getty") (together, "Defendants") and allege:

**PARTIES, JURISDICTION AND VENUE**

1.     Rifle Holdings is a Florida limited liability company having its principal place of

business located at: 558 West New England Avenue, Suite 150, Winter Park, FL 32789.

2.     Rifle is a Florida corporation having its principal place of business located at: 558

West New England Avenue, Suite 150, Winter Park, FL 32789.

3.     Getty is a New York corporation having its principal place of business located at:

75 Varick St., New York, New York 10013.

4.     iStock is a Canadian limited partnership having its principal place of business

located at: 1240 - 20th Avenue S.E., Suite 200, Calgary, Alberta, Canada T2G 1M8.

5.     iStock is a subsidiary of Getty.

6.      This is a civil action for copyright infringement arising under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Getty because Plaintiffs' claims arise out of Getty's operating, conducting, engaging in, or carrying on a business venture in Florida and in this District and Division by committing a tortious act in Florida and in this District and Division.  Among other things: (i) Getty offered and made available infringing products and designs with the expectation that they would be sold to consumers in Florida and in this District and Division; (ii) Getty, upon information and belief, distributed and exported infringing products to Florida and this District for sale to Florida Consumers; and (iii) Getty knew or should have known that its acts would cause harm to Plaintiffs, which are based in Florida an in this District and Division and maintain a substantial customer base in Florida and in this District and Division.

9.      This Court has personal jurisdiction over iStock because Plaintiffs' claims arise out of iStock's operating, conducting, engaging in, or carrying on a business venture in Florida and in this District and Division by committing a tortious act in Florida and in this District and Division.  Among other things: (i) iStock offered and made available infringing products and designs with the expectation that they would be sold to consumers in Florida and in this District and Division; (ii) iStock, upon information and belief, distributed and exported infringing products to Florida and this District for sale to Florida Consumers; and (iii) iStock knew or should have known that its acts would cause harm to Plaintiffs, which are based in Florida an in

this District and Division and maintain a substantial customer base in Florida and in this District and Division.

10. Venue is proper in this Judicial District and Division pursuant to 28 U.S.C. Sections 1391(b) and (c), as Defendants' acts, which are the subject of this Complaint occurred in this Judicial District and Division.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiffs and Their Business

11. Rifle, by way of license from Rifle Holdings, is in the business of, among other things, creating, producing, marketing, and selling greeting cards, invitations, stationary, calendars, journals, notepads, wrapping paper, wall paper, and other printed materials, all of which embody original artwork, designs, and textual material (collectively, "Rifle Products").

12. Rifle Holdings holds the intellectual property rights to the Rifle Products and licenses the artwork, designs, and textual material exclusively to Rifle for use or further licensing.

13. Rifle holds exclusive intellectual property licensing rights to all works made by, for, or on behalf of Rifle Holdings ("Rifle Works").

14. Rifle manufactures, has manufactured, or licenses for the manufacture of Rifle Products domestically and internationally.

15. The Rifle Products incorporating the Rifle Works are marketed throughout the United States and internationally.

16. Rifle has expended a significant amount of effort, time, money, and other resources to brand itself around its Rifle Products.

0891001\169954\5999773v3

17.     Among its many efforts, Rifle maintains an active online presence by uploading and posting images of its Rifle Products to Instagram, Facebook, and Twitter on a frequent basis.

18.     Rifle also has a regularly updated on-line retail website located at http://www.riflepaperco.com wherein Rifle Products are featured.

19.     Rifle has received a significant amount press coverage for its Rifle Products in newspapers, magazines, and fashion blogs, including, but not limited to, Vogue, Marie Claire, People, Glamour, Real Simple and the New York Times.

20.     In addition to its own website, riflepaperco.com, and its storefront in Winter Park, Florida, Rifle sells or distributes Rifle Products worldwide through international retail chains including, but not limited to, Nordstrom, Saks Fifth Avenue, Neiman Marcus, Anthropologie, Pottery Barn, and Papyrus.

21.     Rifle has enjoyed a great deal of success as a result of its efforts.

**The Botanicals Notebook Collection and Associated Copyright Registration**

22.     Rifle Holdings, by assignment, is the owner of United States Copyright Registration Nos.:  VA 1-806-050 (the "'050 Registration") for the work entitled Botanicals Notebook Collection.  A true and correct copy of the '050 Registration is appended hereto as **EXHIBIT A**.

23.     The Botanicals Notebook Collection comprises three (3) designs: a notebook having a light blue background ("First Notebook"); a notebook having a red background ("Second Notebook"); and a notebook having a pink background ("Third Notebook").  True and correct copies of the Botanicals Notebook Collection are appended hereto as **COMPOSITE EXHIBIT B**.

0891001\169954\5999773v3

24.     The designs comprising the Botanicals Notebook Collection are original works created by artist Anna Bond.

25.     The designs comprising the Botanicals Notebook Collection are owned by Rifle Holdings.

26.     The designs comprising the Botanicals Notebook Collection are exclusively licensed to Rifle for further licensing or use.

27.     Rifle Holdings has not licensed any of the designs comprising the Botanicals Notebook Collection to Defendants.

28.     The designs comprising Botanicals Notebook Collection are shown in on-line advertising available for public viewing.

**Defendants and Their Business**

29.     Getty is a stock photo agency which supplies stock images for businesses and consumers through multiple avenues including its commercial website: www.gettyimages.com.

30.     Upon information and belief, Getty has distribution offices worldwide.

31.     iStock is a wholly-owned subsidiary of Getty.

32.     iStock sells micro stock photography and graphics to consumers in Orlando, Florida, as well as internationally, through its commercial website: www.istockphoto.com ("iStock Website").

33.     Getty is the registrant of the iStock Website.

**The Infringing Products**

34.     In around February, 2018, Plaintiffs learned Defendants were selling templates and photos with patterns that are substantially similar to the designs contained in the Botanicals Notebook Collection and protected by the '050 Registration.

35.     On the iStock Website, Defendants offer the Flower Seamless Pattern Vintage Style Illustration (Stock Illustration ID: 519896390).  A true and correct copy of the Flower Seamless Pattern Vintage Style Illustration is appended hereto as **EXHIBIT C**.

36.     Defendants' Flower Seamless Pattern Vintage Style Illustration comprises a pattern strikingly similar or, alternatively, substantially similar to the design on the First Notebook.  For purposes of comparison, a true and correct copy of the First Notebook design in its original form and modified to match Defendant's color scheme are appended hereto as **COMPOSITE EXHIBIT D**.

37.     On the iStock Website, Defendants offer the Flower and Hummingbird Seamless Pattern Vintage Style Illustration (Stock Illustration ID: 613111812).  A true and correct copy of the Flower Seamless Pattern Vintage Style Illustration is appended hereto as **EXHIBIT E**.

38.     Defendants' Flower and Hummingbird Seamless Pattern Vintage Style Illustration comprises a pattern substantially similar to the design on the First Notebook.  For purposes of comparison, a true and correct copy of the First Notebook design in its original form and modified to match Defendant's color scheme are appended hereto as **COMPOSITE EXHIBIT F**.

39.     Included in the First Notebook design is a base pattern of flowers.

40.     Defendants Stock Illustration ID Nos.: 613112680; 663870954; 519895600; 663856374; 663856306; 539006188; 613112472; 539005654; 663873660; 663873718; 663856330; 663856268; 663860734; 663874046; and 545669146 all comprise base patterns that

6

are substantially similar to the base pattern of flowers included on the First Notebook. A true and correct copy of the subject stock illustrations offered by Defendants is appended hereto as **COMPOSITE EXHIBIT G**.

41.     On the iStock Website, Defendants offer the Flower Seamless Pattern Vintage Style Illustration (Stock Illustration ID: 521257818).  A true and correct copy of the Flower Seamless Pattern Vintage Style Illustration is appended hereto as **EXHIBIT H**.

42.     Defendants' Flower Seamless Pattern Vintage Style Illustration comprises a pattern substantially similar to the design on the Second Notebook.  For purposes of comparison, a true and correct copy of the Second Notebook design in its original form and modified to match Defendant's color scheme are appended hereto as **COMPOSITE EXHIBIT I**.

43.     Included in the Second Notebook design is a base pattern of flowers.

44.     Defendants Stock Illustration ID Nos.: 613112340; 663867468; 663867400; 519896670; 663867694; 663859392; 663856188; 663856136; 663856226; 637972658; 663873792; 637972322; and 663873268 all comprise base patterns that are substantially similar to the base pattern of flowers included on the Second Notebook. A true and correct copy of the subject stock illustrations offered by Defendants is appended hereto as **Composite Exhibit J**.

45.     On the iStock Website, Defendants offer the Flower Seamless Pattern Vintage Style Illustration (Stock Illustration ID: 519895880).  A true and correct copy of the Flower Seamless Pattern Vintage Style Illustration is appended hereto as **EXHIBIT K**. Collectively, the designs contained in **EXHIBITS C**, **E**, **F**, **G**, **H**, **J**, and **K**, are the "Infringing Designs."

46.     Defendants' Flower Seamless Pattern Vintage Style Illustration comprises a pattern substantially similar to the design on the Third Notebook.  For purposes of comparison, a

true and correct copy of the Third Notebook design in its original form and modified to match Defendant's color scheme are appended hereto as **COMPOSITE EXHIBIT L**.

47.     At no point did Defendants seek or obtain any form of a license or authorization to use Plaintiffs' Botanicals Notebook Collection designs.

48.     At no point did Plaintiffs grant Defendants any form of a license or authorization to use the Botanicals Notebook Collection Designs.

49.     Upon learning of Defendants' ongoing sale of the Infringing Designs, on February 2, 2018, Plaintiffs' counsel sent a demand letter to both Defendants alleging copyright infringement ("Infringement Notice"), attached hereto as **EXHIBIT M**. Defendant Getty's claim specialist responded with an e-mail dated February 23, 2018, attached hereto as **EXHIBIT N**. Accordingly, both Getty and iStock were notified of the infringing conduct. Plaintiff's counsel sent a reply on March 30, 2018, attached hereto as **EXHIBIT O**.

50.     Defendants have failed and refused to cease and desist from selling or offering to sell the Infringing Designs despite the Infringement Notice. To date, neither Defendant has complied with the demands set forth in the Infringement Notice.


**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement Violating Copyright Act §501 – Against All Defendants)**

51.     Plaintiffs hereby allege and incorporate by reference the allegations of Paragraphs 1 through 50 above.

52.     This Count is an action for Copyright Infringement in violation of 17 U.S.C. § 501.

0891001\169954\5999773v3

53.     Plaintiffs collectively own all rights, title, and interest to the copyright sought to be enforced herein.

54.     Defendants' use of the Infringing Designs in connection with their production, distribution, promotion, advertising, and sale of the Infringing Designs was and is without Plaintiffs' authorization, license, or consent.

55.     The aforementioned acts of the Defendants constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to Rifle Holdings as copyright owner, and the rights granted to Rifle as exclusive licensee.

56.     There was access to Plaintiffs' Botanicals Notebook Collection design because it was widely disseminated through Plaintiffs' publicly accessible website, online and in-print press coverage, national and international product distribution, and daily social media campaign.

57.     The Infringing Designs copy the protectable elements of Plaintiffs' Botanicals Notebook Collection design, resulting in works strikingly similar or, alternatively, substantially similar to the Botanicals Notebook Collection designs.

58.     Defendants knew or, through the exercise of ordinary business care and examination of the public record, should have known that it was infringing the rights of Plaintiffs.

59.     Defendants' use of the Infringing Designs was willful, intentional, and in bad faith.

60.     As a result of Defendants' acts, Plaintiffs have been and will continue to be damaged.

0891001\169954\5999773v3

61.     Due to Defendants' acts of copyright infringement, they have gained direct and indirect profits they would not have otherwise realized but for their infringement of Plaintiffs' Botanicals Notebook Collection designs.

62.     Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement in an amount to be set at trial.

63.     Plaintiffs are further entitled to damages, attorneys' fees and costs under §§ 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 *et., seq.,* given the willful, intentional, and bad faith nature of Defendants' copyright infringement.

64.     Monetary damages cannot fully compensate Plaintiffs for the injury resulting from Defendants' infringement.

65.     Plaintiffs do not have an adequate remedy at law and continue to suffer irreparable harm as a result of Defendants' infringement.

66.     As a result of Defendants' infringement, Plaintiffs have been required to retain the law firm Lowndes, Drosdick, Doster, Kantor & Reed, P.A. to which they are obligated to pay the fees incurred for the services rendered in this matter.

**Prayer for Relief**

WHEREFORE, with respect to their claim for relief, Plaintiffs pray for judgment as follows:

a.     Defendants their officers, agents, co-conspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendants, be:

(1)      preliminarily and permanently enjoined and restrained from directly or indirectly selling products, or otherwise, infringing Plaintiffs' copyrights in the Botanicals Notebook Collection designs;

10

(2)     ordered to deliver on oath a certificate attesting to the erasure of all Infringing

Designs and any other strikingly similar or, alternatively, substantially similar designs from the

iStock Website;

b.     Plaintiffs be awarded damages, including all profits of Defendants plus all losses

of Plaintiffs, the exact amount to be proven at the time of trial, or, if elected before final

judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c.     Each Defendant account to Plaintiffs for their profits and any damages sustained

by Plaintiffs arising from the foregoing acts of infringement;

d.     Plaintiffs be awarded its attorneys' fees as available under the Copyright Act, 17

U.S.C. § 101 *et seq.*;

d.      Plaintiffs be awarded pre-judgement interest and costs of this action as allowed

by law;

e.     Directing that the aforesaid amounts be multiplied or otherwise enhanced as

permitted by law; and

f.      Plaintiffs be awarded such further legal and equitable relief as the Court deems

just and proper.


**Demand for Jury Trial**

Plaintiffs respectfully demand a jury trial for all issues so triable.


11

Dated:  November 13, 2018

Respectfully submitted,

LOWNDES, DROSDICK, DOSTER,
KANTOR & REED, PA

By:  /s/ *Jon M. Gibbs*
Jon M. Gibbs
Fla. Bar No.: 494534
Melody Lynch
Fla Bar No.: 0044250
Ahmad S. El-Gendi
Fla. Bar No.: 119139
215 N. Eola Dr.
Orlando, FL  32801
Phone:  (407) 843-4600
Fax:      (407) 843-4444
Email:  jon.gibbs@lowndes-law.com
            melody.lynch@lowndes-law.com
            ahmad.elgendi@lowndes-law.com

COUNSEL FOR PLAINTIFFS

RIFLE HOLDINGS, LLC and
RIFLE, INC.